UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LOUIS A. ARROYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:16-cv-511 |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION & ORDER

Plaintiff Louis Arroyo seeks to remand this case to the Porter County, Indiana Superior Court, where he originally filed it. (DE 8.) The action stems from the death of Mr. Arroyo's son, Mario, in a car accident in November 2015. (DE 4 at 1.) At the time of the accident, Mario was a passenger in a car insured by Progressive Paloverde Insurance Company on a policy with a per person bodily injury limit of liability of $50,000. (*Id.* at 2.) After his death, Progressive offered to pay $50,000 to the estate, an amount the plaintiff understandably considers inadequate to compensate for the death of his son. (*Id.*) Mr. Arroyo therefore turned to his own insurer, Geico, and sought payment of a claim under the underinsured motorist provisions of his Geico policy. When Geico failed to respond to his request, Mr. Arroyo filed this lawsuit in state court seeking the policy limits of $50,000. Due to Geico's intransigence, Mr. Arroyo's complaint includes a second count seeking punitive damages for Geico's alleged bad faith in its handling of the claim. (*Id.*)

Based on these allegations, Geico timely removed the case to federal court on the

basis of diversity jurisdiction. (DE 1.) The removal of the case prompted Arroyo to amend his complaint to limit the punitive damages sought to no more than $20,000 ($70,000 in damages total) and to file a motion to remand for lack of jurisdiction. (DE 8.) The parties are diverse, and so the only questions are whether the amount in controversy was greater than $75,000 when Geico removed the case and, if so, whether Arroyo could defeat federal jurisdiction by amending the complaint.

Federal diversity jurisdiction exists when the parties are completely diverse and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "The amount in controversy is the amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed[.]" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). The proponent of removal bears the burden of showing that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir.2006). Where the complaint "provides little information about the value of [the] claims . . . a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511. Once the removing party satisfies that burden, the case can be remanded only if it is "legally impossible" for the plaintiff to recover more than the jurisdictional amount. *Id.*

In my view, Geico had good reasons to remove this case on the basis of the allegations in the original complaint. Arroyo initially sought $50,000 in contract damages plus unspecified punitive damages for Geico's bad faith handling of the claim.

2

Given the sympathetic nature of this case, punitive damages from Count 2 could easily surpass the $25,000 needed to hit the jurisdictional amount. Thus, Geico has shown by a preponderance of the evidence that the amount in controversy at the time of removal met or exceeded $75,000, and Geico's removal was proper.

That leads to the second question of whether Arroyo could subsequently defeat federal jurisdiction by amending the complaint. The answer is no. The amended complaint changes absolutely nothing about this court's jurisdiction. "It is well established that the requirements for diversity jurisdiction must be satisfied only at the time a suit is filed." *Grinnell Mut. Reinsurance Co. v. Shierk,* 121 F.3d 1114, 1116 (7th Cir. 1997); *accord Meridian*, 441 F.3d at 538. "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). Here, Geico met its burden of showing that the amount in controversy on the day of removal was $75,000 or more, and there was "no reason to believe *on the day the case was removed* that it was *legally impossible* for [Arroyo] to recover more than $75,000." *Oshana*, 472 F.3d at 513 (emphasis in original).

For these reasons, Geico's removal of this case was proper, and this court continues to have diversity jurisdiction over the matter notwithstanding Arroyo's subsequent amendment of the complaint. Plaintiff's motion to remand must be denied.

## Conclusion

Accordingly, Arroyo's Motion to Remand (DE 8) is **DENIED**.

**SO ORDERED**.

ENTERED: April 3, 2017.

                                             s/ Philip P. Simon
                                             JUDGE, UNITED STATES DISTRICT COURT