UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LOUIS A. ARROYO, and<br>VERONICA GUERRA, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 2:16 CV 511 |
| GEICO CASUALTY COMPANY, | ) <br> ) | |
| Defendant. | ) | |

## OPINION and ORDER

I.     **BACKGROUND**

Sylvia Arroyo and Louis W. Arroyo were customers of defendant Geico Casualty Company in 2015. The policy, effective August 12, 2015, listed them as "Named Insured[s]," and their son, Louis A. Arroyo (one of the plaintiffs in this case, herein referred to as "Louis A."), was listed as an "Additional Driver." (DE # 34-3 at 185.)

Louis A.'s son, Mario, was killed in an car accident involving an underinsured motorist on November 8, 2015. When Louis A. sought to recover underinsured motorist benefits under the aforementioned policy, Geico informed him that, because he was not a "Named Insured," he did not satisfy the definition of "*you*," which was necessary under the terms of the policy to recover underinsured motorist benefits for the death of a relative. He and Mario's mother, Veronica Guerra, then filed suit against Geico for breach of contract (Count I) and breach of duty of good faith and fair dealing (Count II).

Geico has moved for summary judgment on the claims (DE # 29), and plaintiffs have moved for partial summary judgment on Count I (DE # 31). The parties have also

filed motions to strike evidence submitted in connection with the aforementioned motions for summary judgment, none of which have any real bearing on the court's decision and all of which are denied as moot.[1] (DE ## 37, 38, 45.) The remaining cross-motions for summary judgment are fully briefed and ripe for ruling.

II.     ANALYSIS

Before the court are cross-motions for summary judgment. Summary judgment is governed by Federal Rule of Civil Procedure 56. "[S]ummary judgment is appropriate — in fact, is mandated — where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

---

[1] It is worth noting that Geico's arguments over the admissibility of various versions and copies of the insurance policy at issue on grounds of authenticity and relevance were not necessary and merely muddied the record. Geico does not raise a legitimate challenge to the authenticity of prior versions of the policy, or claim that any documents are fraudulent or never existed, yet they still waged technical "authentication" challenges against the copies provided by plaintiff. A party is not acting in good faith in raising an authentication objection if the party nevertheless knows that the document is authentic. *Fenje v. Feld,* 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003), *aff'd,* 398 F.3d 620 (7th Cir. 2005). Further, where a document contains indicia of authenticity on its face, a technical "lack of authentication" objection is inadequate and deserving of rejection. *Reliance Standard Life Ins. Co. v. Lyons,* 756 F. Supp. 2d 1013, 1024 (N.D. Ind. 2010, Springmann, J.) (technical argument about authenticity of insurance policy rejected where no genuine question as to authenticity was raised and policy had indicia of authenticity, *e.g.*, policy numbers and proper names). Geico's real argument is that some copies provided by plaintiffs are incomplete, but this could have been pointed out to the court in one of the summary judgment briefs without the need for additional motions and responsive briefing.

Both motions seek a determination as a matter of law regarding plaintiffs' contractual rights under the policy, and Geico's motion challenges the merits of Count II. Though the parties have filed separate cross-motions for summary judgment, the issues addressed in the motions, responses, and replies largely overlap. It is wasteful and unnecessary to address each motion separately, and, in the context of this opinion, the court addresses the issues generally, with an eye to the ultimate question of whether either movant must prevail as a matter of law.

Despite the overlap of issues, the parties in this case wish to argue about separate preliminary matters. Geico would like for the court to focus on the language contained in the policy documents that were in effect at the time of Mario's accident. Plaintiffs, however, seek to direct the court's attention to what they argue was a change made to the policy without proper notice. The court begins with plaintiffs' argument, as it determines which version of the contractual language governs the remainder of the discussion. Next, the court will address plaintiffs' substantive rights under the contract (Count I), and finally the court will address Count II.

1. *Which Contractual Language Controls?*

Plaintiffs argue that the definition of the terms "*you* and *your*" in the relevant policy was changed, without proper notice, in a way that affected plaintiffs' rights under the contract. Plaintiffs argue that Geico was required to explicitly notify plaintiffs of this change, and failed to do so. The court assumes, without deciding, that under

3

Indiana law, insurers owe a duty to notify insureds of material policy changes. *See Lexington Ins. Co. v. Am. Healthcare Providers,* 621 N.E.2d 332, 340 (Ind. Ct. App. 1993) (assuming *in arguendo* application of the general rule). Nevertheless, plaintiffs' argument is meritless, as explained below.

Plaintiffs' argument requires a somewhat lengthy recitation of factual details, but such is necessary to understand the flaw in the argument. The court begins with the policy language in effect prior to the August 12, 2015, renewal period. There is no dispute that prior to August 12, 2015, the base policy governing the rights of the parties in this case defined "*you* and *your*" as "the policyholder named in the declarations or his or her spouse if a resident of the same household." (*See, e.g.,* DE # 34-3 at 23.) There is also no dispute that in the policy renewal documents for the coverage period beginning August 12, 2015, Geico altered the definition of the terms "*you* and *your*" to "the named insured shown in the declarations or his or her spouse if a resident of the same household." (DE # 34-3 at 193.) This change was communicated in the policy renewal documents included in a letter to Sylvia and Louis W. Arroyo on July 9, 2015, on a page entitled "Automobile Policy Amendment." (DE # 34-3 at 193.) This page described various changes to certain line items in the base policy; the relevant line item was enumerated "13," and corresponded to the definition of "*you* and *your*," line item

"13," in the base policy. (*Id*.) However, this change is not the one that plaintiffs take issue with[2] – that comes later.

As explained above, the amended definition of "*you* and *your*" went into effect on August 12, 2015. Mario's accident occurred on November 8, 2015. It is undisputed that, on or about December 9, 2015, Sylvia and Louis W. Arroyo requested a copy of their policy, and Geico attempted to oblige. Geico admits it sent a copy that included the base policy language but failed to include the page of amendments. Accordingly, the copy received by Sylvia and Louis W. Arroyo on or about December 9, 2015, contains only the base policy definition of "*you* and *your*." According to plaintiffs, the December 9, 2015, mailing changed the definition of "*you* and *your*" back to the base policy definition. But, confusingly, this is not the change plaintiffs object to, either.

---

[2] In their reply brief in support of their own motion for partial summary judgment, plaintiffs change course somewhat and assert that the July 9, 2015, letter did not "boldly notify" anyone of the change in the definition of "*you* and *your*." (DE # 43 at 3.) The court need not consider arguments raised for the first time in reply briefs. *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989).

In any event, the argument is baseless. Even overlooking the lack of Indiana law requiring that such notice be "bold," the notice was on a page which itself was clearly marked "Amendments" in very large type, the amended language itself was not in small or fine print, and enumeration was provided which matched the base policy's ("13."), making it simple for a reader to know to which line item from the base policy the amendment referred. Further, the terms "*you* and *your*" are bolded and italicized in the amendment, the same as in the base policy, which alone draws attention to the terms and the change made to their definition, as the majority of the remainder of the text is in plain type. Were the court to consider the matter, it would find the notice plenty conspicuous under the circumstances. *See Rorick v. Hardi N. Am. Inc.*, No. 1:14-CV-204, 2016 WL 777575, at *4 (N.D. Ind. Feb. 29, 2016) (examining concept of "conspicuousness" in relation to Indiana warranties, noting that font, placement, and other factors play into determination of sufficiency of notice, and holding that provision need not "jump off the page").

Plaintiffs appear to consider the base policy language favorable to them, and so despite interpreting this incomplete copy of the policy as a "change," they have not objected to the lack of formal notice they received regarding that perceived "change."

The "change" plaintiffs object to came later, when Geico denied benefits with respect to Mario's accident, citing the amended definition of "*you* and *your*," which went into effect August 12, 2015. Plaintiffs argue that as of December 9, 2015, the base policy definition of "*you* and *your*" was back in effect, and that the denial of benefits was an attempt to "change" the language *again* to the amended definition of "*you* and *your*." Plaintiffs argue they received no notice for this final "change."

This argument requires considerable time to explain, but very little to resolve. The amended definition of "*you* and *your*" (specifically, "the named insured shown in the declarations or his or her spouse if a resident of the same household") went into effect on August 12, 2015. This language controlled on November 8, 2015, when Mario's accident occurred. The discussion should end here, as the policy terms applicable at the time of the accident are presumably all that matter in this litigation.

But for the sake of thoroughness, the court notes that the amended definition of "*you* and *your*" still controlled on or about December 9, 2015, when Sylvia and Louis W. Arroyo received an incomplete copy of their policy. The mailing of an incomplete copy of the policy was confusing, but not a new bargain. No attempt has been made by plaintiffs to explain how the circumstances surrounding the December 9, 2015, letter satisfy the very basic contractual elements of offer, acceptance, and consideration, and

the court cannot discern such satisfaction, either. *See Cook v. Michigan Mut. Liab. Co.,* 289 N.E.2d 754, 757 (1972) (applying traditional contract elements to case involving insurance renewal). Nor was Geico's denial of benefits a "change" in policy language; Geico was referencing contractual language then in effect. Plaintiffs' argument regarding changes to the policy and the application of the base policy definition of "*you* and *your*" is rejected.

### 2. *Count I: Breach of Contract*

Plaintiffs ultimately seek benefits under the underinsured motorist provision of the policy. That provision provided that Geico would pay damages the "*insured*" was entitled to recover for bodily injury. (DE # 34-3 at 197.) "*Insured*" was defined in the underinsured motorist provision as including "*you*" and "*your relatives*." (*Id.*) As discussed in detail above, the amended definition of "*you* and *your*," which applied at the time of Mario's accident, was "the named insured shown in the declarations or his or her spouse if a resident of the same household." (DE # 34-3 at 193.)

Plaintiffs devote most of their briefing to arguing that Louis A. qualified as a "policyholder," and was therefore a "*you*" entitled to underinsured motorist benefits, but this argument is necessarily tied to their argument that the base policy definition of "*you* and *your*" applied, which (as explained above) it did not. Considerably less of plaintiffs' briefing is devoted to the real issue, which is whether Louis A. was a "named insured," which he must have been in order to qualify as a "*you* and *your*" entitled to the benefits he seeks. The court assumes for the sake of argument that Mario qualified

7

as Louis A.'s relative, but, even still, Louis A. must have qualified as "*you*" for this portion of the policy to benefit him. And, of course, Louis A. only qualified as "*you*" if he was a "named insured."

This is an uphill climb for plaintiffs. The policy documents themselves unambiguously separated Sylvia and Louis W. Arroyo on one hand, from Louis A. Arroyo on the other hand:

| **Named Insured** | **Additional Driver** |
|---|---|
| Sylvia Arroyo | Louis A Arroyo, Louis, Alfredo |
| Louis W Arroyo | |

(DE # 34-3 at 185.) Indiana courts take these delineations seriously and literally, as evidenced by the Indiana Court of Appeals' decision in *Millspaugh v. Ross,* 645 N.E.2d 14, 16–17 (Ind. Ct. App. 1994). In that case, the plaintiff's mother was listed on the relevant insurance policy as a "named insured," while plaintiff was named a "principal driver." *Id.* at 15. Under the terms of the policy, uninsured motorist benefits were only available to the "named insured," and the court held that the plaintiff, a "principal driver," did not qualify for the benefits sought:

> The terms in the policy concerning entitlement to uninsured motorist coverage are clear and unambiguous. The person so entitled must appear as the named insured on the declaration page. That Millspaugh is listed as the principal driver, while relevant for other purposes, including the amount of premiums to be paid, does not transform him into a person qualified for compensation under the uninsured motorist provision of the policy. An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected.

*Id.* at 16-17. Further, in plaintiffs' own filings, they refer to Sylvia and Louis W. Arroyo as the "named insureds," and to Louis A. Arroyo as an "additional driver." (*E.g.*, "GEICO then issued its Policy No. 4300-69-20-60 to its insureds, Sylvia Arroyo and Louis W. Arroyo, as the named insureds and its insured, Louis A. Arroyo, who was listed as an additional driver." (DE # 33 at 2.))

The contract at hand demonstrated no ambiguity and was quite clear as to who was a named insured and who was not. Plaintiff Louis A. Arroyo was not a named insured, and as such, he was not a "***you***" entitled to benefits under the underinsured motorist provision of the policy at issue. Geico is entitled to summary judgment on Count I of plaintiffs' second amended complaint.

### 3. *Count II: Breach of Duty of Good Faith and Fair Dealing*

In Count II of their second amended complaint, plaintiffs allege that Geico violated its duty of good faith and fair dealing (also commonly known as a "bad faith" claim).[3] Geico moves for summary judgment on this claim, pointing out that under Indiana law, an insurer owes no duty of good faith to third parties, only to its insureds, which Louis A. was not. *Cain v. Griffin*, 849 N.E.2d 507, 515 (Ind. 2006). Plaintiffs do not argue with the general legal principle; rather, they insist that Louis A. was an insured,

---

[3] Plaintiffs also use the term "fraud" in their second amended complaint with respect to Count II, but in their response to Geico's motion for summary judgment, they do not address the concept of "fraud" and instead refer only to the alleged breach of duty of good faith and fair dealing. Indeed, plaintiffs entirely fail to address Geico's summary judgment argument regarding the merits of any potential fraud claim. Accordingly, the court considers any "fraud" claim abandoned. *Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003).

9

not a third party. In support of their argument that Louis A. was not a third party, plaintiffs argue that Louis A. was both a "named insured" and a "policyholder." First, whether Louis A. was a "policyholder" is immaterial; plaintiffs have cited no precedence indicating that the term carries any legal significance even if it applied, and it carries no contractual significance since the term was omitted from the policy effective August 12, 2015. Second, as explained in detail above, Louis A. did not qualify as a "named insured." Plaintiffs' arguments that Louis A. was an insured under the policy fail, and the bad faith claim fails, necessarily, as well.

Even if Louis A. were an insured, the claims for breach of duty of good faith and fair dealing would not succeed for two reasons. First, in response to Geico's motion for summary judgment on the subject, plaintiffs do not address the merits of the bad faith claim, only their right to bring such a claim. Accordingly, the court should consider the claim abandoned. *Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003) (failure to address claim in response to summary judgment motion is deemed abandoned). Second, the bad faith claim is premised on plaintiffs' unfounded insistence that Geico "changed" the contract and failed to act in accordance with plaintiffs' incorrect interpretation of the contract's terms. In short, no matter how many ways the court affords plaintiffs the benefit of the doubt, Geico is entitled to summary judgment on Count II.

## III. CONCLUSION

For the foregoing reasons, the court **GRANTS** Geico's motion for summary judgment (DE # 29) and **DENIES** plaintiffs' motion for partial summary judgment (DE # 31). The court also **DENIES, as moot,** the parties' motions to strike. (DE ## 37, 38, 45.) Because no claims remain against any defendants in this case, the Clerk is directed to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendant Geico Casualty Company; and against plaintiffs Louis A. Arroyo and Veronica Guerra, who shall recover nothing by way of their complaint.

**SO ORDERED.**

Date: January 29, 2019

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT